10-4628-ag
Yang v. Holder

BIA
Laforest, IJ
A088 335 910

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of April, two thousand twelve.

PRESENT:
>           JOHN M. WALKER, JR.,
>           REENA RAGGI,
>           SUSAN L. CARNEY,
>                *Circuit Judges.*

_____

XIU ZHEN YANG, AKA TARIMOTO MASHIKO,
          *Petitioner,*

          v.                                    10-4628-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
          *Respondent.*

_____

FOR PETITIONER:        Thomas V. Massucci, Esq., New York, N.Y.

FOR RESPONDENT:        Tony West, Assistant Attorney General;
                       Blair T. O'Connor, Assistant Director;
                       Remi Da Rocha-Afodu, Trial Attorney;
                       Office of Immigration Litigation,
                       United States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xiu Zhen Yang, a native and citizen of the People's Republic of China, seeks review of an October 12, 2010 decision of the BIA affirming the December 15, 2008 decision of Immigration Judge ("IJ") Brigitte Laforest denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). *In re Xiu Zhen Yang*, No. A088 335 910 (B.I.A. Oct. 12, 2010), aff'g No. A088 335 910 (Immig. Ct. N.Y.C. Dec. 15, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we review both the BIA's and the IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

Because Yang filed her asylum application in 2008, the REAL ID Act applies in this case. *See* REAL ID Act of 2005, Div. B of Pub. L. No. 109-13, 119 Stat. 231 (2005); *Chuilu Liu*

2

*v. Holder*, 575 F.3d 193, 197 n.1 (2d Cir. 2009).  For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her or her witness's statements, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *accord Xiu Xia Lin*, 534 F.3d at 163-64.

Substantial evidence supports the agency's determination that Yang did not testify credibly regarding her claim that she had been persecuted in China.  The agency reasonably relied on inconsistencies in the record.  *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *see also Xiu Xia Lin*, 534 F.3d at 163-64, 166-68.  Yang's testimony and statement were inconsistent with her mother's letter regarding the cause and timing of her father's mental breakdown.  The agency reasonably declined to credit her explanation for that inconsistency—that her mother was not highly educated—because the letter attributes the cause of Yang's father's mental health problems to an event—his wife's forced sterilization—distinct from the beating and detention that Yang claims to have caused her father's mental breakdown almost a decade later.  Although

3

Yang argues that her mother's letter can be construed to comport with Yang's testimony, Yang was required "to do more than offer a 'plausible' alternative theory." *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir. 2003); *see also Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005) (finding that agency need not credit applicant's explanations unless those explanations would compel reasonable fact-finder to do so).

Yang also argues that the agency erred in relying on her testimony regarding her parents' fake divorce and her father's subsequent fake marriage to undermine the credibility of her mother's letter and of her own testimony. The IJ's decision to give limited weight to this letter is entitled to deference, *see Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006), and we conclude that the IJ reasonably attributed the mother's lack of credibility to Yang as Yang submitted the letter to support her application. *See Siewe v. Gonzales*, 480 F.3d 160, 170 (2d Cir. 2007) (relying on the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything) to hold that once single document is shown to be false, IJ is "free to deem suspect other documents (and to disbelieve other testimony) that depend for probative weight upon [applicant's] veracity").

4

Similarly, the agency did not err in giving limited weight to the certificates of hospitalization for Yang's father.  This conclusion, which is entitled to deference, *see Xiao Ji Chen*, 471 F.3d at 342, was reasonable, given that the certificates neither were contemporaneous with the alleged hospitalizations nor reflected any actual diagnoses or treatment.

Contrary to Yang's arguments, having questioned Yang's credibility, the IJ reasonably relied further on her failure to provide corroborating evidence to support her claims of both past persecution and a fear of future persecution in China.  An applicant's failure to corroborate testimony may bear on credibility either because the absence of particular corroborating evidence is viewed as suspicious, or because the absence of corroboration in general prevents an applicant from rehabilitating testimony that has already been called into question.  *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007).  Here, the agency reasonably concluded that, in light of the inconsistencies in the record, Yang's failure to offer corroborating evidence further undermined her credibility.

Ultimately, given these findings, the IJ's adverse credibility determination was supported by substantial evidence. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Accordingly, the agency did not err in denying her applications for asylum, withholding of removal, and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6